Abraham N. Geller, J.
Plaintiffs Columbia Broadcasting System, Inc. (CBS) and Allan Jackson have brought this action for infringement of common-law copyright in defendant’s recording “ off the air ” of Jackson’s news announcement concerning the assassination of President Kennedy and incorporating it as part of a phonograph record for commercial distribution entitled ‘ ‘ JFK, the Man, the President ’ ’, all without the consent of CBS or Jackson. Plaintiffs seek an injunction, an accounting for defendant’s profits and actual and exemplary damages.
Plaintiffs have moved for summary judgment granting the injunctive relief demanded in the complaint and directing an assessment of the damages and defendant’s profits which they are entitled to redover. It is clear that there are no triable issues of fact but only questions of law. It is undisputed that defendant embodied about one minute of Jackson’s announcement in its 43-minute record; that Jackson’s announcement included excerpts from United Press International and Associated Press releases and interpolated sentences and phrases of his own; that no mention is made either in the record or album cover of CBS or Jackson.
Defendant contends that there can be no common-law copyright unless the matter involved has artistic or literary value or is ‘ ‘ fresh ’ ’ news with property rights therein reserved which has not yet passed into the public domain. It is urged that plaintiffs are endeavoring to maintain a perpetual property right in news obtained through regular channels of commerce and dedicated to the public.
*725 It should first be noted that protection, if otherwise warranted, is not to be denied because this was a radio broadcast. The rendering of a performance before the microphone does not constitute an abandonment of ownership or a dedication of it to the public at large (Uproar Co. v. National Broadcasting Co., 8 F. Supp. 358, 362). In Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp. (199 Misc. 786, affd. 279 App. Div. 632) the court granted full and appropriate relief for defendant’s piratical conduct in recording broadcasted performances of operas and making and selling records thereof. See, also, the recent decision of King v. Mister Maestro (224 F. Supp. 101), enjoining the sale of phonograph records of Dr. Martin Luther King’s “ I Have a Dream ” speech recorded at the Freedom March on Washington.
It is clear also that Jackson did not merely repeat the news releases handed to him but added to them matter of his own composition. The significant element, however, is that his voice and style of talking, which in his profession is the foundation and source of employment and income, were appropriated by defendant without his consent. A broadcaster’s voice and style of talking is, to all intents and purposes, his personality, a form of art expression, and his distinctive and valuable property. It comes with ill grace from defendant, which selected Jackson’s broadcast from all the broadcasted announcements made on every radio station on that dramatic and tragic occasion, to now assert that it has no literary or artistic value and does not rise to the dignity of a property right. Obviously, there must have been some special feature in Jackson’s manner, voice and/or content which appealed to defendant and, presumably, would in their estimation have appeal for the general public.
There is no question as to defendant’s right to incorporate the news as released publicly and to have it read, together with any matter added by defendant, by any person with his consent; but that is entirely different from what was here done. This is a clear case of appropriation for commercial profit of another’s property right. The extent and relative value of that appropriation is a matter for proof at an assessment.
Plaintiffs are accordingly entitled to summary judgment. CBS, which has an exclusive employment contract with Jackson and exclusive rights in his broadcasted material, is entitled to appropriate relief. Indeed, it asserts that preparations are being made for its own release through its Columbia Records Division of a phonograph record relating to the late President Kennedy, which may include Jackson’s announcement. The *726 parties may on settlement of the order hereon indicate their views as to the timing and manner of provision for injunctive relief. Since but one minute of a 43-minute record is involved, appropriate relief protective of the rights of plaintiffs without undue harm to defendant should be the controlling consideration.